**3**
BANKRUPTCY LAW GROUP, PC
Chad M Johnson, SBN: 232417
11230 Gold Express Dr, Suite 310 #361
Gold River, CA 95670-4484
Tel: 916-678-5000
Fax: 888-843-7260
ChadJ@Bankruptcylg.com

Attorneys for Debtor(s)
Sharise N Allen

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Sharise N Allen<br><br><br><br><br>Debtor(s). | Case No: 17-21446<br>Chapter: 13<br>DCN: BLG-5<br><br>**APPLICATION/MOTION TO EMPLOY REAL ESTATE BROKER**<br><br>Hearing: 12/4/18 @ 1:00 PM<br>Judge: Honorable Christopher D Jaime<br>Courtroom: 6th Floor, Court Rm 32, Dept B |

## **MOTION**

Sharise N Allen ("Debtor"), by and through her attorney of record Chad M Johnson, hereby respectfully represents:

1. That Petitioner is the Debtor in Chapter 13 in the above referenced bankruptcy case, petition for relief filed on March 6, 2017.

2. The Debtor's assets include the real property commonly known as 1612 McGuire Circle, Suisun City, CA 94585 ("Property").

3. It is necessary that Debtor employ real estate broker Re/Max Gold ("Broker"), located at 1411 Oliver Road, Suite 180, Fairfield, CA 94534, to assist Debtor in establishing the fair market value

4

of the Property and to market and sell the Property for the benefit of the Debtor and all creditors in interest.

4. Amy Loafea, a licensed real estate salesperson, has extensive knowledge and familiarity with the area where the Property is located.

5. If the Property is to be sold, Broker will procure and submit to Debtor all purchase offers. In consideration for these services, the Broker will receive, upon consummation of any sale, a real estate broker's commission equal to 5% of the purchase price.

6. The Court may only approve the employment of a professional who represents no interest adverse to the estate. 11 U.S.C. § 327(a).

7. In the present transaction, Broker is acting as a broker for the seller Debtor.

8. A copy of the listing agreement is filed herewith as EXHIBIT A.

9. The Broker has been informed and understands that no commission is due and payable unless and until an Order has been entered approving the sale and escrow closes.

10. Ms. Loafea and Debtor have discussed whether any conflicts of interest exist in this case between her and interested parties. To the best of Debtor's knowledge, Amy Loafea and Broker do not have connections with the Debtor beyond her arm's length relationship as a real estate broker or any other party in interest in or having an interest in this case, or any of their respective attorneys and accountants, is a disinterested person as that term is defined in 11 U.S.C. § 101(13) except as noted in the declaration filed herewith.

///

///

///

///

11. This Application is supported by the declaration of Amy Loafea.

**WHEREFORE**, Debtor hereby prays for an Order approving the employment of Re/Max Gold, to perform the professional services required as set forth hereinabove, and further, that a commission of 5% be approved for Broker from the sale of the Property.

DATED: 11/5/2018      By:     */s/Chad M Johnson*
                                           Chad M Johnson, Esq.
                                           Bankruptcy Law Group, PC.